UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| IN RE: LARRY WILSON HENSLEY,<br>     NANCY CAROL HENSLEY<br><br>LARRY HENSLEY and NANCY C. HENSLEY<br><br>     PLAINTIFFS/APPELLEE<br><br>v.<br><br><br>ASSOCIATES FIRST CAPITAL CORPORATION<br><br>     DEFENDANT/APPELLANT | CIVIL ACTION NO. 5:13-04-KKC<br><br><br><br><br><br><br>**MEMORANDUM OPINION** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

The Appellant, Associates First Capital Corporation, appeals the order denying its motion to alter, amend, or vacate its opinion and judgment entered by the United States Bankruptcy Court, Eastern District of Kentucky, in Bankruptcy Matter No. 11-50642. The original opinion and judgment granted summary judgment in favor of the Appellees, Larry W. Hensley and Nancy C. Hensley. For the following reasons, the Court affirms the bankruptcy court's orders.

**I.   Facts and Procedural Background**

On August 21, 1991, the Appellees, Larry W. Hensley and Nancy C. Hensley, purchased two parcels of real estate: (1) a residential property located at 1083 Winchester Road, Irvine, Kentucky, and (2) a commercial property located at 1055 Winchester Road, Irvine, Kentucky. The Hensleys purchased each parcel from different sellers, but they funded the purchases with one $80,000 loan from Harlan National Bank, which was then known as Union Bank and Trust Company. A mortgage against both properties secured the repayment of the loan. In March 2000, the Hensleys refinanced the Harlan National Bank loan with Kentucky Finance Company,

Inc. It is this transaction that is now in dispute. The mortgage prepared as part of the refinancing transaction lists the Hensleys' address as 1055 Winchester Road, Irvine, Kentucky, the commercial property, but contains only a legal description of 1083 Winchester Road, the residential property, as the consideration for the loan. The Appellant, Associates First, now holds the note and mortgage from this refinancing transaction.

On February 10, 2010, CitiFinancial Services, Inc., filed a foreclosure action against the Hensleys and others in Estill Circuit Court. Associates First was substituted as plaintiff on October 7, 2010. The Hensleys answered the amended complaint on October 26, 2010, and filed an amended answer on November 9, 2011. After Citizens Guaranty Bank, a judgment lien holder in the case, moved for summary judgment, the Estill Circuit Court entered a judgment for sale on January 7, 2012. The Estill County Master Commissioner set a sale date of March 11, 2011 for both Hensley properties. On March 4, 2011, the Hensleys filed a voluntary petition under Chapter 7 of the Bankruptcy Code. Associates First filed its proof of claim in the bankruptcy case and asserted a mortgage lien against both properties. The Hensleys objected, and the adversary proceeding in bankruptcy court followed. Larry W. Hensley died on March 19, 2012, and Nancy C. Hensley became the fee simple owner of both properties by reason of the survivorship clause contained in each deed.[1]

The issue before the bankruptcy court was the scope of the mortgage held by Associates First. On September 6, 2012, the bankruptcy court granted the Hensleys' summary judgment motion and entered a judgment declaring the mortgage held by Associates First is secured only by a security interest in the real property located at 1083 Winchester Road, Irvine, Kentucky. The bankruptcy court held that Associates First's state cause of action for mortgage reformation – filed in an amended complaint in October 2010 – was barred by the statute of limitations.

---

[1] For consistency, the Court will continue to refer to the Appellees as the "Hensleys."

Associates First moved the bankruptcy court to alter, amend, or vacate its opinion and judgment. On November 16, 2012, the bankruptcy court denied that motion, and this appeal followed.

## II. Jurisdiction and Standard of Review

A federal district court has jurisdiction to hear appeals from "final judgments, orders, and decrees" of the bankruptcy court. 28 U.S.C. § 158(a). On appeal, a district court reviews the bankruptcy court's finding of fact under a clearly erroneous standard, but reviews *de novo* the bankruptcy court's conclusions of law. *Nicholson v. Isaacman (In re Isaacman),* 26 F.3d 629, 631 (6th Cir. 1994). Most, if not all, facts are undisputed. Therefore, the Court will review *de novo* the bankruptcy court's conclusions of law.

Both Associates First and the Hensleys requested that no oral argument be had in this matter, and the Court agrees that oral argument would be unnecessary. Fed. R. Bankr. P. 8012.

## III. Analysis

Associates First challenges the bankruptcy court's decision in multiple ways. Initially, Associates First argues that the bankruptcy court erred in determining Associate First's state court cause of action for mortgage reformation was time barred. Under Kentucky law, an action for reformation of a mortgage based on mistake "shall be commenced within five (5) years after the cause of action accrued …." K.R.S. § 413.120(12). The action is not deemed to accrue until the discovery of the mistake; "[h]owever, the action shall be commenced within ten (10) years after the time of making the contract or the perpetration of the fraud." K.R.S. § 413.130(3). The mortgage at issue here was executed on March 31, 2000. The original state court complaint was filed on February 10, 2010. Associates First made its claim for reformation in an amended complaint filed on October 11, 2010 in state court – after the end of both the five- and ten-year limitations periods.

3

Associates First argues that its claim for reformation falls within the ten-year statute of limitations because the claim should relate back to the date when the original complaint was filed. As the bankruptcy court noted, however, Associates First has not made any arguments to justify an extension of the five-year limitations period, which ended on March 31, 2005. "The five-year statute of limitations set forth in K.R.S. § 413.120(12) does not commence to run until the alleged fraud or mistake is discovered or, in the exercise of reasonable diligence, should have been discovered." *Hernandez v. Daniel*, 471 S.W.2d 25, 26 (Ky. 1971). In other words, "if the five year period is allowed to elapse, the plaintiff must allege and prove that the fraud or mistake was not only not discovered within the period, but also that the same could not have been discovered sooner by the exercise of reasonable diligence." *McCoy v. Arena*, 174 S.W.2d 726, 729 (Ky. 1943). *See also Madison Cnty. v. Arnett*, 360 S.W.2d 208, 210 (Ky. 1962); *Martin et al. v. Wagers et al.*, 220 S.W.2d 580, 581 (1949). Associates First has not made any argument as to why the mistake could not have been discovered before the five-year limitations period ended on March 31, 2005. Associates First's amended complaint in state court does not allege an inability to discover the mistake. The counterclaim filed in the bankruptcy court adversary proceeding also lacks an allegation on this issue. There was no proof offered on the issue of discovery. As a result, the action was barred on March 31, 2005.[2]

Next, Associates First argues that, even if a limitations period applies, the Hensleys are barred from raising this defense in bankruptcy court because they had not done so in state court. Associates First contends that the Hensleys cannot assert the statute of limitations as a defense

---

[2] The bankruptcy court's original Memorandum Opinion and Order gave Associates First the benefit of K.R.S § 413.130(3) and determined Associates First was still too late even applying the ten-year limitations period. This Court, however, may affirm the bankruptcy court's decision "for any reason," even if "an issue [was] not raised or considered below." *Resolution Trust Corp. v. Moreland (In re Moreland),* 21 F.3d 102, 104 (6th Cir. 1994) *superseded by statute on other grounds,* Bankruptcy Reform Act of 1994. In this case, the bankruptcy did consider the shorter period, and even suggested that it likely applied when denying the motion to alter, amend, or vacate. (DE 1-5, Memorandum Opinion and Order at 3).

4

because it is an affirmative defense and they waived it by failing to plead it in an answer or a motion to dismiss. *See* Ky. Civ. R. P. 8.03 and 12.02; *Com., Dep't of Highways v. Chinn*, 350 S.W.2d 622, 623 (Ky. 1961) ("Ordinarily … a statute of limitation must be pled and a failure so to do constitutes a waiver of that defense."). When the Hensleys pursued the adversary proceeding in bankruptcy court, however, they did assert the statute of limitations as a bar to Associates First's attempts to reform the mortgage.

While the Henlseys had not raised the statute of limitations in state court, this failure does not affect their ability to rely on the defense in bankruptcy court. First, the state court did not actually decide Associates First's claim against the Hensleys. *See Yeoman v. Com., Health Policy Bd.*, 983 S.W.2d 459, 464-65 (Ky. 1998) (explaining the principles of res judicata). Second, there are many exceptions to the rule that "ordinarily" the defense is waived, including Kentucky Rule of Civil Procedure 15.01, which states that leave to amend shall be freely given when justice so requires. *See Farmers Crop Ins. Alliance, Inc. v. Gray*, No. 2009-CA-000969-MR, 2010 WL 5018284, at *3 (Ky. Ct. App. Dec. 10, 2010); *Burns v. Capitol Beverage Co.*, 472 S.W.2d 510, 511 (Ky. 1971); *Caldwell v. Bethlehem Mines Corp.*, 455 S.W.2d 67, 68 (Ky. 1970); *Curry v. Cincinnati Equitable Ins. Co.,* 834 S.W.2d 701, 704 (Ky. Ct. App. 1992). Justice favors amendment especially when there is no prejudice. "Where no prejudice results to the adverse party, the Statute of Limitations can be subsequently pleaded in an amended answer, and there is no waiver of such defense if the answer is properly amended to include it." *Eastridge v. Fruehauf Corp.*, 52 F.R.D. 129, 131 (W.D. Ky. 1971) (nothing that Federal Rule of Civil Procedure 15 and Kentucky's parallel Rule 15.01 allow amendment "even after judgment").

5

Associates First relies on unpublished Kentucky Court of Appeals case for the proposition that amendment would not be allowed to add a statute of limitations defense. *Postal Enterprizes, LLC v. Salas Enter. Corp.*, No. 2009-CA-000488-MR, 2009 WL 4723242, at *3 (Ky. Ct. App. Dec. 11, 2009). The facts of the unpublished case, *Postal Enterprizes, LLC v. Salas Enterprises Corporation,* are different. In *Postal*, the trial court had first entered a default judgment against the defendant. *Postal*, 2009 WL 4723242 at *2. More than thirty days later, the defendant successfully moved to set that judgment aside. *Id*. Even later, after filing an initial answer, the defendant moved to file an amended answer asserting a limitations defense. *Id.* The trial court granted leave to amend over the plaintiff's objection. *Id.* On appeal, the Kentucky Court of Appeals found it was an error to allow amendment under those circumstances. *Id.* at *3. These are far from the facts of the matter before this Court.

Furthermore, there is published and contrary authority on this issue. Kentucky's highest court held that "a defendant may amend his answer at any time before judgment to plead limitation." *Wyrick v. Wyrick*, 243 S.W.2d 1004, 1007 (Ky. 1951) (citing *Brock v. Turner Fuel Co.*, 178 S.W.2d 427, 428 (Ky. 1944)). When interpreting the parallel Federal Rule of Civil Procedure, the Court of Appeals for the Sixth Circuit similarly concluded that "[s]imply put, Rule 15(a) allows a party to amend his pleading to assert an omitted affirmative defense[.]" *Phelps v. McClellan*, 30 F.3d 658, 662-663 (6th Cir. 1994). Therefore, there is no reason to conclude that the Hensleys had lost their ability to litigate a legitimate defense in bankruptcy court.

Finally, Associates First argues that the bankruptcy court failed to address its claim for equitable subrogation. After considering the doctrine of equitable subrogation, and the applicable case law, the bankruptcy court found the facts of this case were not appropriate for the doctrine's

6

application.  "Equitable subrogation permits a creditor who pays the debt of another to stand in the shoes of the original creditor, enjoying all rights and remedies of the original creditor." *Mortgage Elec. Registration Sys., Inc. v. Roberts*, 366 S.W.3d 405, 408 (Ky. 2012) (quoting *Wells Fargo Bank, Minn., N.A. v. Com., Fin. and Admin., Dept. of Revenue*, 345 S.W.3d 800, 806 (Ky. 2011)). Specifically, the bankruptcy court found that the commercial property, 1055 Winchester Road, "is not encumbered solely because Associates First failed to include information regarding the Commercial Property in the mortgage document."  (DE 1-3, Memorandum Opinion and Order at 7).  Moreover, the bankruptcy found "there is no intervening lien or other lienholder claiming priority." (*Id.*).  Thus, equitable subrogation was not applicable to this set of facts.  While Associates First may disagree with the conclusion, this was appropriate analysis.  Because the bankruptcy court addressed the application of equitable subrogation, there is no reason to remand the matter to have it addressed again.

## IV. Conclusion

Accordingly, for all these reasons, the bankruptcy court's order granting summary judgment to the Hensleys and the bankruptcy court's order denying Associates First's motion to alter, amend, or vacate the original order are AFFIRMED.

This 22nd day of August, 2013.

Signed By:
*Karen K. Caldwell*  KKC
United States District Judge